IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| MOHAMMED T. KHAN, | ) | NO.: 20-14037-JPC |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | JUDGE: JACQUELINE P. COX |
| | ) | |

## **CERTIFICATE OF SERVICE**

TO: SEE ATTACHED ADDRESSES

## **CERTIFICATION**

I, the undersigned Attorney, Certify that I served a copy of this Response to the Addresses attached by electronic notice through ECF or by depositing the same at the U.S. Mail at 1 N. Dearborn Suite 1200, Chicago, IL 60602 at 5:00 P.M. on September 29, 2020, with proper postage prepaid.

                                                                                                                                                            McCalla Raymer Leibert Pierce, LLC
                                                                                                                                                             /s/ Dana O'Brien
                                                                                                                                                             ARDC#62566415
                                                                                                                                                             1 N. Dearborn Suite 1200
                                                                                                                                                             Chicago, IL 60602
                                                                                                                                                             (312) 346-9088

File No. CENTX-19-10262-3

## **SERVICE LIST**

To Trustee:  *by Electronic Notice through ECF*
Tom Vaughn
55 E. Monroe Street
Suite 3850
Chicago, IL 60603

To Debtor:  *Served via U.S. Mail*
Mohammed T. Khan
1207 QUINCY CT
Wheeling, IL 60090

To Attorney:  *by Electronic Notice through ECF*
David M Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

McCalla Raymer Leibert Pierce, LLC
Attorney For: Creditor
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| MOHAMMED T. KHAN, | ) | NO.: 20-14037-JPC |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | JUDGE: JACQUELINE P. COX |
| | ) | |

**RESPONSE TO DEBTOR'S MOTION TO IMPOSE STAY**

Now comes Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through its attorneys, McCalla Raymer Leibert Pierce, LLC, and objects to debtor's motion to impose stay, stating as follows:

1. On July 16, 2020 the instant case was filed.

2. The case is not confirmed.

3. Nationstar Mortgage LLC d/b/a Mr. Cooper services the first mortgage lien on the property commonly known as 1207 Quincy Ct, Wheeling, IL 60090.

4. As this is the debtor's third bankruptcy case pending within a one-year period with 2 prior dismissals, no stay was imposed by the filing of the instant case. 11 U.S.C. 362 (c) (4) (A) (i).

5. The stay can be imposed only if the party in interest demonstrates that the filing of the instant case is in good faith as to the creditors being stayed. 11 U.S.C. 362(c) (4) (B).

6. The instant case is presumptively not filed in good faith and that presumption can be rebutted only by clear and convincing evidence to the contrary. 11 U.S.C. 362(c) (4) (D)

7. The instant case is presumptively filed in bad faith because it is the 3rd case filed within a year where 2 prior cases were dismissed. 11 U.S.C. 362(c)(4)(D)(i)(II).

8. Debtor's motion to impose stay fails to provide clear and convincing evidence of any reason to conclude that this third case will successfully complete where debtor's several prior cases have failed for unreasonable delay, and for a number of other reasons; 11 of which were listed in the prior case, case number 19-35102 in Trustee's Motion to dismiss that was granted on May 7, 2020 including:

   a. The debtor(s) have failed to begin payments within thirty days of filing the plan as required under 11 U.S.C. §1326(a) (1).
   b. The debtor(s) have failed to commit all disposable income to the plan.
   c. The debtor(s) have failed to file a feasible plan. The proposed plan now runs 82 months. D.
   d. The debtor failed to amend the petition to list AKA for Tabriz and list prior cases.
   e. The debtor failed to amend schedule E to list IRS debt.
   f. The debtor failed to amend schedule I to correct all of their net income.
   g. The debtor failed to amend schedule I to list rent income and correct contribution amount for the vehicles.
   h. The debtor failed to amend schedule J to correct the rent amount and to remove all utility expenses.
   i. The debtor failed to amend the statement of financial affairs to list prior addresses.
   j. The debtor failed to provide proof of income.
   k. The debtor's failure to confirm a plan in a timely manner constitutes unreasonable delay

9. Debtor's Motion fails to show a substantial change in financial circumstances or personal affairs in order to comply with 11 U.S.C. 362(c)(4)(D)(i)(III).

10. This is the Debtor's 5th case overall, but the 3rd case filed where there have been 2 prior dismissals within a year.

11. It appears as if Debtor has had the same job throughout the last 2 cases, and there is no apparent increase in income shown on both Schedule I's that have been filed.

12. Moreover, Debtor has been in, and appears to be, currently in a forbearance plan as to mortgage payments. The notice forbearance was filed in the prior case, case number 19-35102 for the months of April 2020 through September 2020.

13. The forbearance appears to be extended for debtor for the months of October 2020 and November 2020, making debtor's next direct post-petition payment December 1, 2020.

14. The post-petition payments for the months of August 2020 through November 2020 post-petition payments will need to be picked up in the plan, or in the secured proof of claim, as this case was filed July 16, 2020.

15. Debtor's first filing was a Chapter 7 case, number 03-24554 that was discharged.

16. Debtor's second case was a Chapter 13 case, case number 10-00315 on January 6, 2010 and debtor received a hardship discharge June 20, 2014.

17. Debtor then filed case number 19-16905 on June 13, 2019. On November 7, 2019, Nationstar Mortgage LLC d/b/a Mr. Cooper brought a motion for relief form stay as debtor was not making mortgage payments for the months of July 2019 through October 2019; then on November 7, 2019, the stay was modified.

18. The case was dismissed on November 21, 2019 for unreasonable delay.

19. Debtor's next case was filed as Bk case #19-35102 on December 12, 2019, 35 days after the last case was dismissed.

20. Debtor filed a motion to Extend Stay attaching an Affidavit stating there has been a substantial change in the Debtor's financial and personal affairs. That the Debtor is an Uber driver, that the Debtor's vehicle and the Uber app are now working properly. Debtor had resumed working; and his income is steady; although the fact that he was an Uber driver was not clearly stated on I the original schedules.

21. The motion to extend stay was granted.

22. Nationstar Mortgage LLC d/b/a Mr. Cooper filed a timely proof of claim for $39,707.26 in arrears, which is an increase from the prior case's (19-16905) proof of claim amount of $34,801.436.

23. On May 7, 2020, the case was dismissed thereby mooting the motion to modify stay that was pending for debtor's failure to make post-petition mortgage payments from January 2020 through March 2020.

24.     The Proof of claim as filed in this case on August 7, 2020, is in the amount of $45,975.16.

25.     There is no substantial change in income from the 1st case to the instant case.

26.     As stated again, debtor is in a forbearance, and appears to not be able to afford making payments to the trustee nor to the lender for the monthly mortgage payment, and at this time, it does not appear that there is any loan modification pending or in place.

27.     Debtors' prior two Chapter 13's, both dismissed, serve to demonstrate a pattern and practice of not maintaining plan payments, or not having the ability to maintain payments to the Chapter 13 Trustee.

28.     There has been no substantial, positive change in circumstances to warrant a 3rd filing within a year.

29.     The change in circumstances alleged here is similar to the case of *In Re Standfield*, 152 B.R. 528 (1993) in which Judge Squires held:

> "Debtors have not produced sufficient evidence that there was bona fide objective change in their circumstances . . . recent raise is insufficient standing alone. The failure of the Debtors to offer persuasive evidence that they will be more likely to make payments in this case than they failed to make in the first case, allows the Court to reasonably infer and conclude that both the filing of this case and the proposed plan were made solely to delay the foreclosure sale."

See Standfield at 539.

30.     Over the course of the three cases that have been pending within the last year, debtor has consistently failed to make regular monthly plan payments.

31.     Many Seventh Circuit decisions have established the "totality of circumstances" test to analyze good faith challenges in Chapter 13 cases, specifically noting that the basic inquiry should be whether under the circumstances, the case has been an abuse of the provisions, purpose, or spirit of the chapter. *In re Rimgale* 669 F.2d 426 (7th Cir.1982).

32.     This creditor believes the burden of clear and convincing evidence has not been met and that the totality of circumstances supports the presumption of bad faith.

WHEREFORE Nationstar Mortgage LLC d/b/a Mr. Cooper prays that the Motion to Impose Automatic Stay be denied and for such further relief as this Honorable Court deems just.

    Respectfully submitted,
Nationstar Mortgage LLC d/b/a Mr. Cooper
By: /s/ Dana O'Brien
ARDC# 6256415
McCalla Raymer Leibert Pierce, LLC
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088
dana.obrien@mccalla.com